AO 91 (Rev 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| EDUARDO GONZALEZ-DE LEON | ) | Case No. |
| | ) | 20-mj-4029 (JS) |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __between 5/31/13 and 7/1/20__ in the county of __Cumberland__ in the
_____ District of __New Jersey__, the defendant(s) violated:

| Code Section | Description of Offenses |
|---|---|
| 8 U.S.C. Section 1326(a) | See Attachment A |

This criminal complaint is based on these facts:

See Attachment B

☑ Continued on the attached sheet.

*Natasha McSeed*
Complainant's signature

Deportation Officer Natasha McSeed, ICE
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephone__ (specify reliable electronic means).

Date: 11/13/2020

Judge's signature

City and state: District of New Jersey

Hon. Joel Schneider, U.S. Magistrate Judge
Printed name and title

CONTENTS APPROVED

UNITED STATES ATTORNEY

By: *[signature: K.M.H.]*
KRISTEN M. HARBERG, AUSA

Date: November 12, 2020

## ATTACHMENT A

On a date on or after May 31, 2013, and on or before July 1, 2020 in Cumberland County, in the District of New Jersey and elsewhere, the defendant,

## EDUARDO GONZALEZ-DE LEON,

an alien who had been deported and removed and had departed the United States while an order of deportation and removal was outstanding, without the express consent of the Attorney General or the Secretary of Homeland Security of the United States to reapply for admission, did knowingly and voluntarily enter, and on July 1, 2020, was found in the United States.

In violation of Title 8, United States Code, Section 1326(a).

ATTACHMENT B

I, Natasha McSeed, a Deportation Officer of the U.S. Immigration and Customs Enforcement ("ICE"), having conducted an investigation and having spoken with other individuals, have knowledge of the following facts:

1. Defendant Eduardo GONZALEZ-DE LEON is a native and citizen of Mexico.

2. On or about May 26, 2013 defendant Eduardo GONZALEZ-DE LEON entered the United States on foot, near Eagle Pass, Texas. Defendant Eduardo GONZALEZ-DE LEON was not admitted or paroled into the United States by an Immigration Officer.

3. On or about May 27, 2013, defendant Eduardo GONZALEZ-DE LEON was issued a Notice and Order of Expedited Removal by a Border Patrol Agent in Eagle Pass, Texas. On May 31, 2013, defendant Eduardo GONZALEZ-DE LEON was removed to Mexico.

4. At an unknown date on or after May 31, 2013, defendant Eduardo GONZALEZ-DE LEON reentered the United States.

5. On or about July 1, 2020, defendant Eduardo GONZALEZ-DE LEON was arrested in Vineland, New Jersey, by the Vineland Police Department on charges of Simple Assault and Domestic Violence.

6. On or about August 10, 2020, ICE Officers saw defendant Eduardo GONZALEZ-DE LEON outside of his residence in Vineland, New Jersey, attempting to enter a vehicle, and they arrested him. Defendant Eduardo GONZALEZ-DE LEON waived his *Miranda* rights and admitted to the ICE Officers that he was a Mexican citizen, that he knew that his presence in the United States was illegal, that he had previously been deported from the United States to Mexico, and that he did not have permission to enter the United States.

7. Defendant Eduardo GONZALEZ-DE LEON's identity was confirmed through fingerprint analysis. Specifically, a fingerprint examiner from the Federal Bureau of Investigation, Criminal Justice Information Services ("CJIS") Division, compared the fingerprints taken in conjunction with his May 31, 2013 removal, with the fingerprints taken in conjunction with his August 10, 2020 arrest by ICE officers, and determined that the fingerprints submitted were identical with each other and also were identical to those associated with Eduardo GONZALEZ-DE LEON's FBI number.

8. Neither the Attorney General of the United States nor the Secretary of Homeland Security has authorized at any time defendant Eduardo GONZALEZ-DE LEON's re-entry into the United States, following his May 31, 2013 removal.